**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO CENTENO, | No. 11-15738 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01435-FJM |
| v. | |
| DAVID WILSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frederick J. Martone, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Ernesto Centeno appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his placement in "Contraband Surveillance Watch"

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CSW"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Centeno's excessive force claim because Centeno failed to raise a genuine dispute of material fact as to whether defendants acted maliciously or sadistically to cause harm when restraining him during his CSW confinement. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in determining excessive physical force in violation of Eighth Amendment is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm).

The district court properly granted summary judgment as to Centeno's conditions of confinement claim because Centeno failed to raise a genuine dispute of material fact demonstrating that he suffered extreme deprivation constituting an Eighth Amendment violation. *See Hudson*, 503 U.S. at 9 (to rise to the level of a constitutional violation, conditions of confinement claims require "extreme deprivations"); *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981))).

**AFFIRMED.**